221 So.2d 119

**George Martin CAGLE**

v.

**STATE.**

**6 Div. 370.**

Court of Appeals of Alabama.

Feb. 11, 1969.

Rehearing Denied March 4, 1969.

McEniry, McEniry & McEniry, Bessemer, and Rogers, Howard, Redden & Mills, Birmingham, for appellant.

MacDonald Gallion, Atty. Gen., and John A. Lockett, Jr., Asst. Atty. Gen., for the State.

CATES, Judge.

Cagle appeals from a conviction of murder in the second degree, his punishment having been fixed at imprisonment for ten years.

I.

A brief résumé of the facts taken for the most part from appellant's brief is as follows:

August 19, 1967, Mrs. Cagle left home accompanied by their son, Mark. She took him to the swimming pool at Midfield, and after a brief stay at the pool, both of them went to Wilson Drake's apartment. From

there, she and Mark proceeded to the Hill's store in Midfield, where, by prearrangement, they met Drake. The meeting took place in the back of Hill's store, in the parking lot.

When Drake drove up, Mrs. Cagle and Mark got out of Mrs. Cagle's car and got into Mr. Drake's car. Mrs. Cagle and Drake began drinking vodka and grapefruit juice. After they had been sitting there for a few minutes, the defendant drove up and parked beside them.

Both Drake and the defendant got out of their cars. The defendant then made the statement to Wilson Drake, "Are you proud of yourself?" Wilson Drake said, "I sure am." A fight then ensued between Wilson Drake and the defendant, from which fight the defendant emerged in a very bloody condition.

The defendant then went around his car, got his gun out of the glove compartment, came back around his car and shot the deceased, Drake.

The defendant was then taken to the Midfield Police Station accompanied by Officer Ivey and J. W. Morris, Chief of the Midfield Police Department.

The defendant was kept at the Midfield Police station for a period of approximately one hour. He was then taken to University Hospital, Birmingham, where he was treated for a severe cut in his forehead; was given a local anesthetic and six stitches to sew up the cut in his forehead.

The defendant was then taken to a "prayer" room adjacent to the emergency room at the hospital, at which time a statement was elicited from him. This statement is contained in a document marked State's Exhibit 10. This statement was taken in the presence of County Detective D. R. Oden, Deputy Coroner C. R. Reeves and Sergeant J. B. Lukas of the Bessemer Sheriff's office.

Prior to the taking of this statement, the defendant was shown a card by Detective Oden, which card was entitled "Warning to Suspects." The contents of this card were read to the defendant, after which he was asked if he wanted to make a statement. The defendant then told Oden that "I have already give the Chief [meaning Chief Morris] a statement, and I might as well give one to you, too." At this time, the statement marked State's Exhibit 10 was elicited from the defendant.

II.

We are compelled to reverse this conviction because the State failed to meet its burden on voir dire preceding the introduction of the second confession made in the prayer room of University Hospital. Nowhere was it established that the confession given to Chief Morris of the Midfield Police Department was preceded by the warnings called for by Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, 10 A.L.R.3d 974, nor of the customary predicates of pre-*Miranda* origin.

Westover v. United States, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, 10 A.L.R.3d 974, has put beyond question any possibility of the re-emergence of the "silver platter" doctrine as applied to multiple confessions, so as to get around the strictures of Miranda. See Miller, Legal Limitations on Miranda, 45 Denver L. J. 427, particularly E. Successive Interrogations: The Westover Situation, p. 461.

United States v. Hickey, D.C., 247 F. Supp. 621, has undoubtedly been overruled by *Miranda* and *Westover,* supra. See also Evans v. United States, 8 Civ., 375 F.2d 355.

The judgment below is reversed and this cause remanded there for a new trial.

Reversed and remanded.